IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PERRY DEWAYNE WEAVER as )
Administrator of the Estates of June )
Alene Weaver and Jennifer Donnell )
Weaver, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO 10-549-KD-N
 )
NORFOLK SOUTHERN RAILWAY )
COMPANY, )
 )
    Defendant. )

## REPORT AND RECOMMENDATION

Defendant filed a Motion to Dismiss (doc. 4) on October 7, 2010. This matter was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636 and Local Rule 72.1(a). The undersigned ordered (doc. 8) plaintiff to file a response to defendant's Motion to Dismiss on or before December 3, 2010. In a later order (doc. 11), the court raised *sua sponte* a question concerning its jurisdiction, required the parties to address that issue, and extended the time for plaintiff to respond to the Motion to Dismiss. Additionally, the court set forth the law applicable to defendant's Motion to Dismiss concerning the impropriety of bringing and maintaining an action *pro se* in a representative capacity on behalf of the estate of a decedent, and strongly suggesting that plaintiff immediately attempt to hire an attorney to take over this action. The undersigned specifically warned plaintiff that the failure to hire counsel or to respond to the motion within the time allowed could lead to a recommendation that this action be dismissed without prejudice. Plaintiff has failed to file a Response and no attorney has filed an appearance for the plaintiff in this action.

The undersigned is satisfied with defendants' showing of the amount in controversy and the existence of jurisdiction under the diversity of citizenship theory. See 28 U.S.C. § 1332(a). In light of the holding in Roe v. Michelin North America, Inc., 613 F.3d 1058, 1066 (11th Cir. 2010) finding that the amount in controversy requirement was met by an Alabama wrongful death action in which no other evidence of the amount in controversy was offered, the court finds that the pendency of two Alabama wrongful death claims reasonably satisfies the requirement of proof of the amount in controversy.

Defendant bases its Motion to Dismiss on Alabama state law which precludes an action on behalf of an estate to be brought *pro se*. Those state law decisions are inapplicable to federal litigation which, since defendant removed the action to this court, is a procedural matter which is governed by federal procedural law. *See e.g.* Franklin v. Garden State Life Ins., 2010 WL 1753501 (M.D.Ala. 2010) (ruling that, under federal procedure, plaintiff could not represent estate *pro se*).

In Reshard v. Britt, the district court refused to allow the plaintiffs, co-representatives of the decedent's estate, to proceed *pro se* in a wrongful death action. A panel of the Eleventh Circuit, in a divided opinion, overturned the district court's decision. 819 F.2d 1573 (11th Cir. 1987). However, the panel opinion was vacated and rehearing *en banc* granted. Because the *en banc* court was evenly divided, no opinion was issued, and the district court's order disqualifying the plaintiffs from proceeding *pro se* was affirmed as a matter of law. Reshard v. Britt, 839 F.2d 1499 (11th Cir. 1988) (*en banc*) (per curiam). Subsequently, several other circuits addressed the issue, and all have followed the reasoning of Judge Roney in his dissent to the panel opinion. "[W]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own because 'the personal interests of the estate,

other survivors and possible creditors will be affected by the outcome' of the proceedings." Pridgen v. Anderson, 113 F.3d 391, 392 (2nd Cir. 1997) (*quoting* Reshard, 819 F.2d at 1583 (Roney, J., dissenting)). Therefore, an administrator or executor may not appear *pro se* unless, arguably, the estate has no other beneficiaries and no creditors. Id., *accord* Jones v. Correctional Medical Serv., Inc., 401 F.3d 950, 970 (8th Cir. 2005); Shepherd v. Wellman, 313 F.3d 963, 952 (6th Cir. 2002).

Defendant has filed a copy of the Petitions for Letters of Administration (doc. 12, at 10, 12) filed in each of the plaintiff Estates in the Probate Court of Mobile County, Alabama. Those petitions contain plaintiff's representations that there are two heirs-at-law to each estate: Perry DeWayne Weaver who was appointed the Administrator, and his brother Cloyd Anthony Weaver. In light of this evidence, it is clear that the Administrator is not the sole beneficiary; the record is silent on the existence of any creditors of either decedent.

Accordingly, it is hereby RECOMMENDED that defendant's Motion to Dismiss be GRANTED in part,[1] and that this action be DISMISSED without prejudice.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the 18th day of January, 2011.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant asserts that this action was filed immediately prior to the running of the statute of limitations and seeks dismissal with prejudice on that basis. The court does not reach the issue of the whether any future action may relate back to the filing of this action under Fed.R.Civ.P. 15(c) so as to avoid the bar of the statute of limitations.

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
# AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS
## CONCERNING NEED FOR TRANSCRIPT

**Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

**Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE